**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY WEYGANDT,** | : | |
| 1227 ½ N. 4th Street | : | Case No.: 2:19-cv-396 |
| Columbus, OH 43201 | : | |
| | : | JUDGE |
| Plaintiff, | : | |
| | : | MAGISTRATE JUDGE |
| v. | : | |
| | : | |
| **THE SCAREFACTORY, INC.** | : | **Jury Demand Endorsed Hereon** |
| c/o David A. Fachman | : | |
| 1330 Bayboro Drive | : | |
| New Albany, OH 43054 | : | |
| | : | |
| and | : | |
| | : | |
| **DAVID FACHMAN** | : | |
| 1330 Bayboro Drive | : | |
| New Albany, OH 43054 | : | |
| | : | |
| Defendants. | : | |

## **COMPLAINT**

NOW COMES Plaintiff Anthony Weygandt ("Plaintiff") and proffers this Complaint for damages against Defendants The ScareFactory, Inc. and David Fachman ("Defendants").

## **JURISDICTION AND VENUE**

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMWFSA"), R.C. Chapter 4111, and the Ohio Constitution, Oh. Const. Art. II, §34a.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio and performed his job duties there, and Defendants is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Anthony Weygandt is an individual, a United States citizen, and a resident of Franklin County, Ohio.

6. At all times relevant herein, Plaintiff was an "employee" of Defendants as that term is defined by the FLSA and OMFWSA.

7. Defendant The ScareFactory Inc. is an Ohio corporation and is registered to do business in Ohio.

8. Defendant David Fachman is an individual residing in Ohio. Upon information and belief, Defendant Fachman owns, in whole or part, Defendant ScareFactory Inc.

9. Upon information and belief, Defendants operate a facility located at 350 McCormick Boulevard, Suite C, Columbus, Ohio 43213.

10. At all times relevant herein, Defendants were a "covered employer" as defined by the FLSA and OMFWSA.

11. At all times relevant herein, upon information and belief, Defendants were engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendants has an annual dollar volume of sales or business of at least $500,000.

## FACTUAL BACKGROUND

12. Plaintiff was employed by Defendants from in or around April 2016 to on or about October 5, 2017.

13. Plaintiff was an hourly paid, non-exempt employee.

14. Plaintiff was a Technician that was responsible for manual labor activities including setting up and installing props used in haunted houses, zoos, hotel, or other places that purchased props from Defendants.

15. Plaintiff was supervised by Defendant Fachman.

16. Defendant Fachman made the decisions regarding Plaintiff's compensation, including pay for travel time, pay for work performed on travel assignments, and the refusal to compensate Plaintiff for all time worked.

17. Defendants failed to pay Plaintiff for all weeks in which he worked. For certain weeks, Defendants did not pay Plaintiff any compensation.

18. Plaintiff was not paid at a rate of one and one-half times his regular pay rate for hours worked in excess of forty (40) in one workweek.

19. Plaintiff demanded payment for all hours worked and for pay at the overtime rate. Defendants refused to make payments to Plaintiff for all hours worked and for pay at the overtime rate.

## COUNT I
### (FLSA 29 U.S.C. §201, *et seq.* – Failure to Pay Minimum Wage)

20. All of the preceding paragraphs are realleged as if fully rewritten herein.

21. Defendants violated the FLSA, 29 U.S.C. § 206(a), by not paying Plaintiff minimum wage for all hours worked.

22. Defendants knew or should have known of the minimum wage payment requirement of the FLSA.

23. Plaintiff is not exempt from the provisions of the FLSA, and Defendants knew or should have known that Plaintiff was entitled to be paid no less than the minimum wage payment for all hours worked.

24. Defendants knowingly and willfully failed to properly pay Plaintiff when Defendants failed to compensate Plaintiff for all hours worked while she was employed by Defendants.

25. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continue to suffer damages and are entitled to recover unpaid wages, interest, attorneys' fees and costs, punitive damages, and all other remedies available under the FLSA.

## COUNT II
**(Ohio Constitution §34a/OMFWSA R.C. 4111.02 – Failure to Pay Minimum Wage)**

26. All of the preceding paragraphs are realleged as if fully rewritten herein.

27. Defendants has violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Section 4111 *et seq.* and Section 34a of the Ohio Constitution by not paying Plaintiff the minimum wage for all hours worked.

28. Defendants' knowing failure to properly pay Plaintiff was a violation of Chapter 4111 and Section 34a of the Ohio Constitution.

29. For Defendants' violation of O.R.C. 4111 and Section 34a of the Ohio Constitution, Plaintiff is entitled to recover unpaid wages, an additional two times the amount of the unpaid wages, attorneys' fees and costs, and all other remedies available under Ohio law.

## COUNT III
### (FLSA 29 U.S.C. §201, *et seq* - Failure to Pay Overtime)

30. All of the preceding paragraphs are realleged as if fully rewritten herein.

31. Plaintiff was an employee of Defendants within the previous three years of the filing of this Complaint.

32. Plaintiff was not exempt from the overtime requirements of the FLSA.

33. Plaintiff was not paid an overtime premium for all hours worked in excess of 40 in a workweek at his regular rate of pay.

34. Defendants was aware that Plaintiff worked more than 40 hours per week but did not receive overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked in excess of 40 per week.

35. Defendants knew of the overtime payment requirement of the FLSA and that Plaintiff was a non-exempt employee entitled to overtime compensation for all hours worked per week in excess of 40.

36. Defendants' refusal to properly compensate Plaintiff as required by the FLSA was willful.

37. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continue to suffer damages and are entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees and costs, and all other remedies available under the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

    A. A declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA and Ohio law;

B. An award of monetary damages, including unpaid minimum wages and unpaid overtime wages due under the FLSA, OMFWSA, and the Ohio Constitution Art. II, § 34a;

C. An award of liquidated damages and/or treble damages as a result of Defendants' failure to pay overtime and minimum wage compensation pursuant to FLSA, OMFWSA, and the Ohio Constitution Art. II, § 34a;

D. An award of prejudgment and post judgment interest;

E. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

F. Such other legal and equitable relief as this Court deems appropriate, but in any event not less than $75,000.00.

Respectfully submitted,

*/s/Greg Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
Kyle T. Anderson (0097806)
(*Kyle@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, Ohio 43207
Ph: (614) 610-4134
Fax: (513) 826-9311
*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby requests a jury of at least eight (8) persons.

>*/s/Greg R. Mansell*_____
>Greg R. Mansell (0085197)